**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHRISTMAS TREE SHOPS, LLC, et al.,[1]<br><br>       Debtors. | Chapter 7<br><br>Case No. 23-10576 (TMH)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of CHRISTMAS TREE SHOPS, LLC et al.,<br><br>       Plaintiff,<br><br>v.<br><br>SAMSONICO USA LLC,<br><br>       Defendant. | Adv. Proc. No. 25-50861 (TMH) |

**DEFENDANT'S ANSWER TO FIRST AMENDED
COMPLAINT FOR AVOIDANCE AND RECOVERY OF
PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 & 550**

Defendant Samsonico USA Ltd (the "Defendant" or "Samsonico"), by and through its undersigned counsel, as and for its answer (the "Answer") to the Trustee's *First Amended Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 & 550* [Adv. D.I. 3] (the "Complaint") states as follows:

**PRELIMINARY STATEMENT**

Samsonico files this Answer to the best of its current knowledge and ability. Samsonico reserves the right to supplement and amend this Answer to include additional facts, defenses, and/or counterclaims discovered during the course of this lawsuit or other proceedings. Samsonico

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).

further reserves the right to seek any and all available remedies. Any allegation not specifically admitted below is denied.

Subject to and without waiving the foregoing, Samsonico responds below to the Complaint:

## BACKGROUND

1.     Defendant denies knowledge or information sufficient to form a belief concerning the allegations in paragraph 1 of the Complaint, and the same are therefore denied. Defendant further responds that the allegations contained in paragraph 1 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, denied.

2.     Defendant denies knowledge or information sufficient to form a belief concerning the allegations in paragraph 2 of the Complaint, and the same are therefore denied. Defendant further responds that the allegations contained in paragraph 2 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, denied.

## THE PARTIES

3.     Defendant denies knowledge or information sufficient to form a belief concerning the allegations in paragraph 3 of the Complaint, and the same are therefore denied.

4.     Defendant admits all allegations contained in paragraph 4 of the Complaint.

## JURISDICITION AND VENUE

5.     Defendant denies knowledge or information sufficient to form a belief concerning the allegations in paragraph 5 of the Complaint, and the same are therefore denied. Defendant further responds that the allegations contained in paragraph 5 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, denied.

6.     Defendant denies knowledge or information sufficient to form a belief concerning the allegations in paragraph 6 of the Complaint, and the same are therefore denied. Defendant

further responds that the allegations contained in paragraph 6 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, denied.

7.      With respect to the allegations contained in paragraph 7 of the Complaint, Defendant does not consent to the entry of final orders or judgment by the Bankruptcy Court.

8.      The allegations of paragraph 8 of the Complaint present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in paragraph 8 of the Complaint, which are therefore denied.

## BASIS FOR RELIEF REQUESTED

9.      No admission or denial is required as to paragraph 9 of the Complaint as it does not contain any allegations against the Defendant. Defendant denies that Plaintiff is entitled to any relief or that it received any avoidable transfers.

## FACTS

10.     Defendant denies knowledge or information sufficient to form a belief concerning the allegations in paragraph 10 of the Complaint, and the same are therefore denied.

11.     Defendant denies knowledge or information sufficient to form a belief concerning the allegations in paragraph 11 of the Complaint, and the same are therefore denied.

12.     Defendant denies knowledge or information sufficient to form a belief concerning the allegations in paragraph 12 of the Complaint, and the same are therefore denied.

13.     Defendant denies knowledge or information sufficient to form a belief concerning the allegations in paragraph 13 of the Complaint, and the same are therefore denied.

14.     The allegations of paragraph 14 of the Complaint present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in paragraph 14 of the Complaint, which are therefore denied.

**FIRST CLAIM FOR RELIEF**
**(Avoidance of Preferential Transfers – 11 U.S.C. § 547)**

15.     With respect to paragraph 15 of the Complaint, Defendant repeats and realleges paragraphs 1 through 14 above as though fully set forth herein.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, which are therefore denied. Defendant denies it received any transfers that can be avoided and to the extent that it did receive transfers within the 90 days prior to the Petition Date each of the transfers it received was not on account of an antecedent debt and/or are protected from avoidance by one or more of the defenses contained in Bankruptcy Code section 547(c).

17.     With respect to the allegations contained in paragraph 17 of the Complaint, Defendant denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, and the same are therefore denied.

18.     With respect to the allegations contained in paragraph 18 of the Complaint, Defendant denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and the same are therefore denied.

19.     The allegations of paragraph 19 of the Complaint present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a

belief as to the truth of the balance of the allegations in paragraph 19 of the Complaint, which are therefore denied.

20.    With respect to the allegations contained in paragraph 20 of the Complaint, Defendant denies the Transfers were made on account of an antecedent debt.

21.    The allegations of paragraph 21 of the Complaint present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in paragraph 21 of the Complaint, which are therefore denied.

22.    With respect to the allegations contained in paragraph 22 of the Complaint, Defendant denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, and the same are therefore denied.  By way of further response, the Transfers were not made on account of an antecedent debt.

23.    With respect to the allegations contained in paragraph 23 of the Complaint, Defendant denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, and the same are therefore denied.

24.    With respect to the allegations contained in paragraph 24 of the Complaint, Defendant denies the allegations and legal conclusions contained in paragraph 24 of the Complaint.  Defendant denies that Plaintiff is entitled to any relief.

## SECOND CLAIM FOR RELIEF
### (For Recovery of Property – 11 U.S.C. § 550)

25.    With respect to paragraph 25 of the Complaint, Defendant repeats and realleges paragraphs 1 through 24 above as though fully set forth herein.

26.     The allegations of paragraph 26 of the Complaint present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in paragraph 26 of the Complaint, which are therefore denied.

27.     With respect to the allegations contained in paragraph 27 of the Complaint, Defendant denies the allegations and legal conclusions contained in paragraph 27 of the Complaint.

28.     Defendant denies that Plaintiff is entitled to any of the relief demanded in the WHEREFORE clause of the Complaint and each of its subparagraphs (a-c).

29.     Defendant denies each and every other allegation contained in the Complaint not specifically addressed herein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

30.     Repeats and realleges paragraphs 1 through 29 above as though fully set forth herein.

31.     The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

32.     Repeats and realleges paragraphs 1 through 31 above as though fully set forth herein.

33.     Although each of the Transfers made by the Debtor to Defendant were prepayments for goods subsequently shipped to the Debtor by Defendant, to the extent that any of the Transfers were not prepayments, some or all of the Transfers were intended by Defendant and the Debtor to

be contemporaneous exchanges for new value given to the Debtor and were, in fact, substantially contemporaneous exchanges.

34.     Accordingly, the Transfers cannot be avoided pursuant to Section 547(c)(1) of the United States Bankruptcy Code (the "Bankruptcy Code").

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

35.     Repeats and realleges paragraphs 1 through 34 above as though fully set forth herein.

36.     Although each of the Transfers made by the Debtor to Defendant were prepayments for goods subsequently shipped to the Debtor by Defendant, to the extent that any of the Transfers were not prepayments, the Transfers were in payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and Defendant and were made: (1) in the ordinary course of business or financial affairs of the Debtor and Defendant; or (2) were made according to ordinary business terms.

37.     Accordingly, the Transfers cannot be avoided pursuant to Section 547(c)(2) of the Bankruptcy Code.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

38.     Repeats and realleges paragraphs 1 through 37 above as though fully set forth herein.

39.     Although each of the Transfers made by the Debtor to Defendant were prepayments for goods subsequently shipped to the Debtor by Defendant, to the extent that any of the Transfers were not prepayments, after each of the Transfers, Defendant gave new value to or for the benefit of the Debtor (the "New Value").

40.     The New Value was not secured by an otherwise unavoidable security interest, and the Debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendant on account of the New Value.

41.     Accordingly, the Transfers cannot be avoided pursuant to Section 547(c)(4) of the Bankruptcy Code.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

42.     Repeats and realleges paragraphs 1 through 41 above as though fully set forth herein.

43.     The claims asserted in the Complaint are subject to any right of setoff or offset that Defendant may have.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

44.     Repeats and realleges paragraphs 1 through 43 above as though fully set forth herein.

45.     The relief requested in the Complaint should be denied in whole or in part because the Transfers were not made on account of an antecedent debt.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

46.     Defendant repeats and realleges paragraphs 1 through 45 above as though fully set forth herein.

47.     The relief requested in the Complaint should be denied to the extent that the Transfers did not enable the Defendant to receive more than it would have received if this case were a case under chapter 7 of the Bankruptcy Code.

**PRESERVATION OF RIGHT TO JURY TRIAL**

48.     Defendant reserves the right to demand a trial by jury.

## **RESERVATION OF RIGHTS**

49.     Pursuant to Local Rule 7012-1, Defendant does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

50.     Defendant reserves the right to raise additional defenses and to amend and/or to supplement those asserted herein upon further analysis and discovery of relevant information.

51.     Defendant reserves its right to argue that the U.N. Convention on Contracts for the International Sale of Goods applies.

**WHEREFORE**, Defendant respectfully requests that this Court issue an order: (i) dismissing the Complaint in its entirety, (ii) denying, in its entirety, the relief sought in the Complaint, (iii) granting judgment in favor of the Defendant against Plaintiff for the costs, fees and expenses incurred by the Defendant with respect to the Complaint, and (iv) granting such other and further relief as this Court deems just and proper.

Dated: August 23, 2025

**ESBROOK P.C.**

*/s/ Scott J. Leonhardt*
Scott J. Leonhardt (DE #4885)
Katherine R. Welch (DE #7347)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Telephone:  (302) 308-8174
Email:  scott.leonhardt@esbrook.com

*Counsel for Defendant*